IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SECURITY LIFE OF DENVER
INSURANCE COMPANY,

    Plaintiff,

v.                                                      CIVIL ACTION NO. 4:11-cv-00008-WTM

DHARMISTHA D. SHAH and
SOUTHEAST BUSINESS
NETWORK, INC.,

    Interpleader Defendants.
_____

DHARMISTHA D. SHAH,

    Cross Plaintiff,

v.

SOUTHEAST BUSINESS NETWORK,
INC.,

    Cross Defendant.
_____

### DHARMISTHA D. SHAH'S MOTION TO STRIKE SOUTHEAST BUSINESS NETWORK, INC.'S ANSWER AND DEFENSES TO CROSS CLAIM

Interpleader Defendant/Cross Plaintiff, DHARMISTHA D. SHAH ("SHAH"), through undersigned counsel, and pursuant to Rules 8 and 12(f), Federal Rules of Civil Procedure, files this Motion to Strike SOUTHEAST BUSINESS NETWORK, INC.'s ("SEBN") Answer and defenses to SHAH's Cross claim, and states as follows:

## I. INTRODUCTION

1. On January 21, 2011, Plaintiff Security Life of Denver Insurance Company filed a Complaint in Interpleader citing the competing claims of SHAH and SEBN to the life insurance policy proceeds of insured decedent Sushila Shah.

2. On February 22, 2011, SEBN filed its Answer to Plaintiff's Complaint in Interpleader and Counterclaim against Plaintiff.

3. On March 22, 2011, SHAH filed her Answer to the Complaint and Cross claim against SEBN.

4. On April 13, 2011, SEBN filed its Answer to SHAH's Cross claim and Cross claim against SHAH.

5. SEBN's Third Defense, Fourth Defense, and Fifth Defense (the Answer portion of the pleading) must be stricken as insufficient defenses and for failure to adhere to Rules 8 and 10, Federal Rules of Civil Procedure.

## II. MOTIONS TO STRIKE GENERALLY

The legal sufficiency of a defense is attacked by a Motion to Strike. *See* Fed. R. Civ. P. 12(f) "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A Rule 12(f) motion serves to prevent the unnecessary expenditure of time and money that must arise from litigating spurious issues by attempting to strike these issues prior to trial. *See Royal Ins. Co. of America v. M/Y Anastasia,* No. 95CV60498/RV, 1997 WL 608722 (N.D. Fla., Jan. 30, 1997). In considering a motion to strike, the Court has broad discretion. *See Williams v. Eckerd Family Youth Alternative,* 908 F. Supp. 908, 910 (M.D. Fla. 1995). Specifically, a Court will strike an affirmative defense if it is

insufficient as a matter of law. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976) (citations omitted). The Court does not need to wait until discovery has been conducted to strike an affirmative defense because "if [the] defense is insufficient as matter of law, no amount of factual development of issue will save it; it is preferable to avoid expense of discovery for both sides in issues as to which there is no viable dispute." *Resolution Trust Corp. v. Youngblood*, 807 F.Supp. 765 (N.D.Ga. 1992).

In addition to the requirement that they be sufficient as a matter of law, affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Pursuant to Rule 8, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests by alleging additional facts to support the defense. *See Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla.2007) ("The defendant must allege some additional facts supporting the affirmative defense."). Failure to give the plaintiff "fair notice" of the nature of the defense is grounds for striking the defense. *See Grovenor House, LLC v. E.I. Du Pont De Nemours and Co.*, No. 09-21698-Civ, 2010 WL 3212066, at *2 (S.D. Fla., Aug. 12, 2010).

III.  ARGUMENT

A.  SEBN's Third Defense of Estoppel is insufficient.

In order to allege the defense of estoppel, SEBN must allege the traditional elements: "(1) words, conduct, or acquiescence that induces reliance; (2) willfulness or negligence with regard to the acts, conduct, or acquiescence; and (3) detrimental reliance." *Savoury v. U.S. Attorney General*, 449 F.3d 1307, 1319 (11th Cir. 2006).

SEBN alleges in its "Third Defense" that "Mrs. Shah is estopped from denying the existence and/or enforceability of contracts between the DDS Trust and SEBN while simultaneously attempting to accept the benefits of said contracts in seeking the policy proceeds."

SEBN's Third Defense wholly fails to allege the elements of the defense of estoppel.  SEBN has not alleged willful acts or conduct by SHAH which induced detrimental reliance by SEBN. *See, e.g., Resolution Trust Corp, supra* (where plaintiff owed no duty to defendants, defendants could not maintain affirmative defenses of estoppel, and plaintiff's motion to strike was granted.)

As such, SEBN's Third Defense is insufficient and must be stricken.

B.  SEBN's Fourth Defense of Waiver is insufficient.

"Waiver is the voluntary relinquishment of a known right and may be established by express statements or implied by conduct.  An implied waiver is one shown by a party's decisive, unequivocal conduct reasonably inferring the intent to waive." *Mullis v. Bibb County*, 669 S.E.2d 716, 720 (Ga. App. 2008).

SEBN's "Fourth Defense" states: "Mrs. Shah has waived any claims against SEBN by seeking to accept the benefits arising from the very acts and omissions she now relies upon to assert various claims."

SEBN's Fourth Defense does not meet the elements of waiver, express or implied, and is a confusing statement without supporting facts. SHAH cannot discern the legal theory behind this defense nor the facts upon which it is based.

For these reasons, SEBN's Fourth Defense is insufficient and must be stricken.

C. <u>SEBN's Answer (titled "Fifth Defense") does not comply with the Federal Rules of Civil Procedure.</u>

Rule 8, Federal Rules of Civil Procedure provides in pertinent part:

**(b) Defenses: Admissions and Denials.**

(1) *In General.* In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.

(2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

….

**(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**

(1) *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

Rule 10(b), Federal Rules of Civil Procedure provides in pertinent part,

**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each

5

claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

SEBN's Answer fails to simply admit or deny the allegations of SHAH's Cross claim. Rather, SEBN responds to most of SHAH's allegations with lengthy assertions of its own and even attached exhibits to which SEBN refers throughout. Rather than simply and concisely answer the Cross claim, it appears that SEBN improperly attempts to insert additional defenses through its responses to SHAH's Cross claim allegations.

Contrary to the Federal Rules of Civil Procedure, SEBN failed to state in short and plain terms its defenses, failed to simply and concisely admit or deny the allegations of SHAH's Cross claim, and failed to state each of its defenses separately.

For these reasons, SEBN's Answer (titled "Fifth Defense") should be stricken.

WHEREFORE, SHAH respectfully requests that the Court enter an order striking SEBN's Third Defense, Fourth Defense, and Fifth Defense (answer portion of the pleading) to SHAH's Cross claim.

Respectfully Submitted,

**GREENSPOON MARDER, P.A.**
/s Amanda Chapman
MICHAEL E. MARDER
FL Bar No. 321461
RICHARD W. EPSTEIN
FL Bar No. 229091
AMANDA L. CHAPMAN
FL Bar No. 176095
Counsel for Dharmistha D. Shah

Capital Plaza I, Suite 500
201 East Pine Street
Orlando, Florida 32801
(407) 425-6559 telephone
(407) 422-6583 facsimile

michael.marder@gmlaw.com
richard.epstein@gmlaw.com
amanda.chapman@gmlaw.com

**BROWN, GARGANESE, WEISS & D'AGRESTA, P.A.**

USHER L. (LARRY) BROWN
FL Bar No. 321461
Counsel for Dharmistha D. Shah

111 N. Orange Ave., Suite 2000
P.O. Box 2873
Orlando, Florida 32802-2873
(407) 425-9566 telephone
(407) 425-9596 facsimile
lbrown@orlandolaw.net

**ALAN S. LOWE & ASSOCIATES, P.C.**
ALAN S. LOWE
Georgia Bar No. 459650
ELLEN L. SCHOOLAR
Georgia Bar No. 558243
Counsel for Dharmistha D. Shah

311 West Broughton Street
Savannah, Georgia 31401
Telephone: 912-234-2581
Facsimile: 912-234-4190
alowe@savlawgroup.com
ellen@savlawgroup.com

5592930 v1

7