# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SECURITY LIFE OF DENVER INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DHARMISTHA D. SHAH and SOUTHEAST BUSINESS NETWORK, INC.,<br><br>    Interpleader Defendants.<br><br>_____<br><br>DHARMISTHA D. SHAH,<br><br>    Cross-Plaintiff,<br><br>v.<br><br>SOUTHEAST BUSINESS NETWORK, INC.,<br><br>    Cross-Defendant | Case No. CV411-008 |

## ORDER

Defendant/cross-plaintiff Dharmistha D. Shah moves to amend her answer and cross claim in this interpleader action to join Edward J. Howie, cross-defendant Southeast Business Network, Inc.'s ("SBN") principal, as an additional cross-defendant and to raise claims against

Howie and SBN for prohibited acts as a loan broker under O.C.G.A. §§ 7-7-3 & 7-7-4.[1]  (Doc. 36.)  According to SBN, however, leave to amend would be futile.[2]  (Doc. 37.)

Some background informs the contentions.  SBN provided a loan to DDS Trust to cover a life insurance policy on defendant Shah's mother, who passed away.  (Doc. 1 at 2; doc. 36-2 at 7-8.)  SBN claims an interest in the policy and Shah, the policy's sole beneficiary, is positioned as SBN's adversary for the right to receive the policy's proceeds.  SBN argues that Shah's new claims fail because the governing code sections only allow actions by "borrowers," and the only borrower here was the trust.  (Doc. 37 at 2-3.)  Since SBN was only involved with DDS Trust and not with Shah directly, it argues that Shah has no claims under O.C.G.A. §§ 7-7-3 & 7-7-4 against it or Howie.  (*Id.*)  Only DDS Trust's trustee may bring such claims, which means Shah cannot.  (*Id.*)

---

[1] Under O.C.G.A. § 7-7-4(a), "[a]ny borrower injured by a violation of this chapter may bring a civil action in a court of competent jurisdiction for recovery of damages."  *Id.*  According to O.C.G.A. § 7-7-3, every loan broker's principal may be sanctioned for the actions of the loan broker.

[2] In determining whether to grant Fed. R. Civ. P. 15(a) leave to amend, courts must consider several factors, including futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007), *citing Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

SBN's argument is unpersuasive. Shah is both the trustee and the beneficiary of the DDS Trust. (Doc. 43 at 2.) The trustee *is* the real party in interest in such a claim, not the trust itself. Fed. R. Civ. P. 17(a)(1); 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1548 (2010). In fact, if the trust itself were joined to the action and attempted to assert such claims against SBN and Howie, the Court would be required to dismiss them. WRIGHT & MILLER § 1548 at 525-26 ("It is the trustee, not the trust itself, that is entitled to bring suit under Rule 17(a)(1)(E)."). Shah is thus the *only* person who may bring such a claim.

SBN also argues that neither it nor Howie fall within the "loan brokers" statutory definition under O.C.G.A. § 7-7-1(3). (Doc. 37 at 3.) The Court cannot determine, based solely on the pleadings, whether SBN acted or held itself out as a loan broker. That question is best left for summary judgment, and SBN has not moved to dismiss (and, hence, it does not contend that Shah failed to plead "loan broker" facts).

SBN's final contention, launched without citation or support, is that Shah cannot assert a damages claim since "she stands only to gain from the monies lent by S[]BN to the DDS Trust." (*Id.*) The Court is

3

not SBN's research assistant. Since the claim lacks any legal citation or support, the Court will not address it. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6 (11th Cir. 1989) (if an issue is mentioned only in passing, it is not properly briefed and thus abandoned).

For the reasons explained above, Shah's motion to amend her answer and crossclaim (doc. 36) is **GRANTED**.

**SO ORDERED** this  2nd  day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

4