UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| SECURITY LIFE OF DENVER INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DHARMISTHA D. SHAH and SOUTHEAST BUSINESS NETWORK, INC., | ) ) ) ) |
| Interpleader Defendants. | ) ) ) |
| | ) Case No. CV411-008 |
| DHARMISTHA D. SHAH, | ) ) |
| Cross-Plaintiff, | ) ) |
| v. | ) ) |
| SOUTHEAST BUSINESS NETWORK, INC., | ) ) ) ) |
| Cross-Defendant | ) |

## ORDER

Defendant and cross-plaintiff Dharmistha D. Shah moves the Court to strike interpleader and cross-defendant Southeast Business Network, Inc.'s ("SEBN's") first amended answer to her cross claim. (Doc. 57.) Specifically, she objects to SEBN's third, fourth, and fifth defenses under

Fed. R. Civ. P. 12(f).[1] (Doc. 57 at 2.)

Shah claims that the third defense, estoppel, and the fourth defense, waiver, are insufficiently pled under Fed. R. Civ. P. 8. (Doc. 57 at 4-5.) The pleading itself is barebones. The third defense is remarkably general: "Mrs. Shah is estopped from denying the existence and/or enforceability of contracts between the DDS Trust and SEBN while simultaneously attempting to accept the benefits of said contracts in seeking the policy proceeds." (Doc. 50 at 2.) The fourth defense states that "Mrs. Shah has waived any claims against SEBN by seeking to accept the benefits arising from the very acts and omissions she now relies upon to assert various claims." (Doc. 50 at 2.)

Shah asserts that SEBN has failed to allege the elements of estoppel and waiver. (Doc. 57 at 4-5.) SEBN has not even addressed those failings and has instead offered facts to show that its estoppel and

---

[1] Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* One can also move, under that rule, to strike an affirmative defense as legally insufficient, but that is a drastic remedy disfavored by the courts. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962); *Poston v. Am. President Lines Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

waiver defenses are sound. (Doc. 61 at 2-3)

As to the third claim, SEBN states that Shah entered into several cooperation agreements with it that she now insists were breached, fully performed, or did not even exist. Also, SEBN states that she misled it by making false promises, and she is attempting to relitigate a "prior and still pending" state court decision. (Doc. 61 at 2-3.) If anything, SEBN's response further clouds the waters. It is unclear whether SEBN intends to invoke legal, equitable, or collateral estoppel. As to the fourth defense, SEBN's response explains that Shah has impliedly waived her claims against it by "enter[ing] agreements resolving these disputes which are appearing in State Court litigation." (Doc. 61 at 3.) Yet, one would be hard pressed to infer that from SEBN's pleadings.

SEBN's pleadings would fail under the Rule 8(a) pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S.Ct. 1937 (2009), since SEBN has not alleged any facts supporting the elements of a plausible estoppel or waiver claim. But heightened "plausibility" standards simply cannot apply to affirmative defenses. *See Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467 at *3-4 (M.D. Fla. July 21, 2011). Rule

3

8(c) covers affirmative defenses like waiver and estoppel, and unlike Rule 8(a), it does not require a party to include a short and plain statement of the grounds of the defense. Instead, it merely requires a party to "affirmatively *state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(c) (emphasis added). As the *Adams* court explained,

> the Eleventh Circuit has not extended the requirements of Rule 8(a) to affirmative defenses. *Jackson* [*v. City of Centreville*], 269 F.R.D. at 662 [(N.D. Ala. Nov. 3, 2010)]. Indeed, the Eleventh Circuit has repeatedly emphasized that the purpose of Rule 8(c) is simply to provide the plaintiff with notice of an affirmative defense that may be raised at trial. *Id.* (citing *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) and *Hewitt v. Mobile Research Technology, Inc.*, 285 F.App'x. 694, 696 (11th Cir. 2008)). In both cases, the Eleventh Circuit noted that a defendant may be permitted to raise an affirmative defense at trial that the defendant did not even plead, so long as the plaintiff had notice of the defense. The undersigned finds this rationale compelling. If it is not even required that a defendant plead an affirmative defense (so long as the plaintiff has notice of the defense), it cannot be necessary for a defendant to include factual allegations supporting each affirmative defense. Instead, what must be required is that the affirmative defense as pled gives the plaintiff adequate notice of the defense.

2011 WL 2938467 at * 3.

Moreover, "requiring affirmative defenses to contain detailed factual allegations is unfair to defendants. Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the

complaint, do not have such a luxury." *Adams*, 2011 WL 2938467 at *4 (citing 2 MOORE'S FEDERAL PRACTICE, § 8.08[1] ("defendants may not have all of the facts needed to plead affirmative defenses with sufficient factual specificity to meet 'plausibility' standards. Thus, requiring 'plausibility' -- that is, requiring factual pleading of affirmative defenses -- is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses")).

The question, then, is whether SEBN's affirmative defenses are sufficient to put Shah on notice of the potential defenses she will face. The Court concludes that SEBN's third and fourth defenses survive under that standard, despite their lack of specificity or supporting factual development.

Shah also takes issue with SEBN's fifth defense, which admits or denies Shah's claims. (Doc. 57 at 6.) Shah, in a conclusory manner, alleges SEBN fails to "simply and concisely answer [her] Amended Cross claim" and instead "improperly attempts to insert additional defenses through its responses to [her] Amended Cross claim allegations." (*Id.*) SEBN's fifth defense spans several pages and many paragraphs, but Shah has not pointed to any single failure to "simply and concisely

answer [her] Amended Cross claim." (Doc. 50 (SEBN's amended answer to Shah's cross claim); doc. 57 at 6 (Shah's motion to strike).) Nor has she shown how SEBN has "insert[ed] additional defenses." The Court will not construct Shah's motion for her from SEBN's pleading. That is her job.

For the reasons explained above, Shah's motion to strike (doc. 57) is **DENIED**.

**SO ORDERED** this ___1st___ day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA