IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SECURITY LIFE OF<br>DENVER INSURANCE COMPANY,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>DHARMISTHA D. SHAH and<br>SOUTHEAST BUSINESS NETWORK,<br>INC.,<br><br>    Defendants<br>_____ | CASE NO. CV411-008 |
| DHARMISTHA D. SHAH,<br><br>    Cross-claimant,<br><br>v.<br><br>SOUTHEAST BUSINESS<br>NETWORK, INC. and EDWARD J.<br>HOWIE<br><br>    Cross Defendants,<br>_____ | |
| SOUTHEAST BUSINESS<br>NETWORK, INC.,<br><br>    Counter-Cross-claimant,<br><br>v.<br><br>DHARMISTHA D. SHAH<br><br>    Counter-Cross Defendant.<br>_____ | |



FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 SEP 18 PM 3:24
CLERK
SO. DIST. OF GA.

<u>O R D E R</u>

Before the Court is Counter-Cross Defendant Dharmistha Shah's ("Shah") Motion to Dismiss Southeast Business Network, Inc.'s ("SEBN") Amended Cross-Claims.[1] (Doc. 162.) For the reasons that follow, Shah's Motion to Dismiss SEBN's Cross-claims is **GRANTED**. The action by Counter-Cross-claimant SEBN against Counter-Cross Defendant Shah is **DISMISSED**.

## BACKGROUND

The Court, in two previous orders, has outlined the complicated factual background of this case (Doc. 160 at 3-12, Doc. 170 at 2-11), which need not be repeated in its entirety here. The relevant procedural facts, however, warrant current mention.

On March 30, 2012, the Court granted Shah's Motion to Dismiss, but allowed SEBN to file an amended cross-claim only as to count four—fraud and conspiracy to defraud—of the original cross-claim. (Doc. 160 at 2.) On April 12, 2012, SEBN filed its amended cross-claim against Shah. (Doc. 161.) SEBN's amended cross-claim contains four counts: (1) fraud and conspiracy to defraud; (2) fraud and

---

[1] Shah's motion also includes a Motion to Strike SEBN's Amended Cross-claim (Doc. 162 at 18) and a Motion to Bifurcate SEBN's Amended Cross-claim (<u>Id.</u> at 21). Both of these motions are **DISMISSED AS MOOT**.

conspiracy to defraud based on the 2008 Cooperation Agreements; (3) attorney's fees; and (4) punitive damages. (Doc. 161.) On April 26, 2012, Shah filed a Motion to Dismiss SEBN's Amended Cross-claim. (Doc. 162.) Unsurprisingly, extensive responsive briefing by both parties followed. (Docs. 163, 168, 168.)

In her motion, Shah contends that SEBN has failed to state a claim upon which relief may be granted. (Doc. 162 at 3.) Shah states that "[i]n light of the 'plausibility standard,' the allegations pled by SEBN, even if taken as true, do not plausibly give rise to an entitlement to relief" because SEBN has not pled a "plausible nexus between the alleged misrepresentations made by Shah and any damage to SEBN." (Id. at 4.) Further, Shah asserts that the facts alleged in SEBN's cross-claim do not support a cause of action for fraud. (Id. at 7.) In the alternative, Shah moves the Court to strike SEBN's cross-claim (id. at 18) and to bifurcate SEBN's cross-claim (id. at 21). In its response, SEBN argues that "almost all facts alleged in its amended crossclaim [sic] are actually supported by filings of record with [the Court]." (Doc. 163 at 1-2.)

# ANALYSIS

I. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Aschroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).[2] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." <u>Iqbal</u>, 129 S. Ct. at 1949 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u>

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009) (abrogated on other grounds by <u>Mohamad v.</u>

---

[2] <u>Iqbal</u> makes clear that <u>Twombly</u> has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. <u>Iqbal</u>, 129 S. Ct. at 1953 ("Though <u>Twombly</u> determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

4

Palestinian Auth., 132 S. Ct. 1702 (2012)). However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

Federal Rule of Civil Procedure 9(b) provides that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud." In order to do so, the claimant must set forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla. Inc., 116 F.3d 1364, 1371 (11th Cir. 1997); see also Ziemba v. Cascade

5

Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). Such a particularity requirement is critical to alert defendants to the "precise misconduct with which they are charged." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008).

II. SHAH'S MOTION TO DISMISS SEBN'S AMENDED CROSS-CLAIM

    A. Fraud and Conspiracy to Defraud

In count one of its amended cross-claim, SEBN alleges that Shah, Dipak Shah, and the DDS Trust entered into a conspiracy to "fraudulently obtain SEBN's funds in order to purchase and sell the policy at the second anniversary date." (Doc. 161 ¶ 35.) According to SEBN, the Shahs "knowingly and falsely presented the terms of the proposed non-recourse financing to [Howie]" and "would never let SEBN sell the policy." (Id. ¶ 39.) SEBN also contends that "the Shahs always intended to sell the policy themselves or maintain the policy under [the] DDS Trust." (Id.) Additionally, SEBN alleges that "[t]he Shahs knowingly and falsely promised to SEBN in the 2006 agreements that the DDS Trust 'will engage SEBN to sell the policy' at the second anniversary of the policy." (Id.) SEBN contends that the Shahs "fraudulently attempted" an assignment release and all the representations or omissions were done "with the intention and purpose of deceiving

SEBN." (Id. ¶ 40.) As a result, SEBN claims it detrimentally relied on those representations, suffering damages as a result. (Id. ¶¶ 41-42.)

Shah seeks dismissal of count one because the "facts alleged by SEBN do not support the cause of action." (Doc. 162 at 7.) Shah suggests she is under no obligation to disclose to SEBN the terms of prior negotiations (id. at 8), committed "at best" a breach of broken promises (id.), and SEBN did not detrimentally rely on any misrepresentations (id. at 9). In response, SEBN contends that the "Shahs were exercising their special knowledge concerning non-recourse finance terms" when scheming to defraud SEBN. (Doc. 163 at 10.)

Taking SEBN's pleadings as true, SEBN has not stated a plausible claim for which relief can be granted as to count one. While SEBN alleges claims that could possibly give rise to a breach of contract action, a "broken promise" does not constitute fraud.[3] Plantation Key Dev., Inc. v. Colonial Mortg. Co. of Ind., 589 F.2d 164, 172 (5th Cir. 1979) (applying Florida law); Option One Mortg. Corp. v. Allstate Ins. Co., 2006 WL 2285358, at *9 (N.D. Ga. August

---

[3] Choice of law will likely be an issue in other motions and proceedings in this case. However, for the purposes of this Order, it is immaterial whether Florida or Georgia law applies because both Florida and Georgia hold that broken promises do not constitute fraud.

7

3, 2006) (citing (Wood v. Noland Credit Co., 113 Ga. App. 749, 749, 149 S.E. 2d 720, 720 (1974)) (applying Georgia law). Further, SEBN's claim that Shah fraudulently misrepresented the amount due for premiums in the second year of the policy cannot form the basis of any claim. SEBN itself admits that "no parties funded any second year premium payments as the account value of the policy funded these costs." (Doc. 161 ¶ 25.) Thus, SEBN could not have justifiably relied on this supposed misrepresentation nor is there anything in the pleadings to indicate what Shah obtained as a result of any purported fraud.

Further, SEBN contends that Shah was fraudulent in her attempts to subvert the sale of the policy. There is nothing in SEBN's amended cross-claim to suggest that SEBN ever detrimentally relied on any of the ancillary events—namely, the inadvertent temporary release of the assignment, the designation of Shah as an irrevocable beneficiary, or Shah's contractual option to pay SEBN under the February 21, 2007 agreement—or suffered damages as a result of these alleged fraudulent actions. Shah had no duty to disclose the irrevocable beneficiary designation and, thus, cannot be held liable for fraudulent concealment. See State of Fla. v. Mark Marks, P.A., 654 So. 2d 1184, 1189 (Fla. Dist. Ct. App. 1995); Infrasource, Inc.

8

v. Hahn Yalena Corp., 272 Ga. 703, 707, 613 S.E.2d 144, 148 (2005).[4] At best, SEBN has alleged a "broken promise" and the amended cross-claim pleadings as to count two do not make apparent, beyond mere conclusory allegations, how such claims would rise to anything more than naked assertions. As a result, SEBN is precluded from any possible relief. See Iqbal, 129 S. Ct. at 1949.

As pled, SEBN has failed to allege facts upon which relief for fraud can be granted. Additionally, to recover for civil conspiracy, a party must show that two or more persons, acting in concert, engaged in tortious conduct. See Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. Dist. Ct. App. 1997); Wright v. Apartment Inv. & Mgmt. Co., 315 Ga. App. 587, 595, 726 S.E.2d 779, 787-88 (2012) (citation omitted). Because there is no viable fraud claim, the conspiracy to defraud claim must also fail. Accordingly, Shah's motion to dismiss is **GRANTED**. Count one of SEBN's amended cross-claim is **DISMISSED**.

    B.    <u>Fraud and Conspiracy to Defraud Based on the 2008 Cooperation Agreements</u>

In count two, SEBN's amended cross-claim alleges that after "the Shahs could not sell the policy in the life

---

[4] Again, under Florida or Georgia law, the duty to disclose material information as it relates to fraudulent concealment is essentially identical.

9

settlement market in July and August of 2008, the Shahs entered a new and modified fraudulent conspiracy to maintain control of the policy." (Doc. 161 ¶ 44.) According to SEBN, while doing so, "the Shahs secretly designated [Shah] as an irrevocable beneficiary under the policy for the sole purpose of preventing SEBN from selling the policy." (Id. ¶ 45.) Additionally, SEBN alleges the Shahs fraudulently attempted to designate Mr. Shah as a secondary assignee (id. ¶ 46), fraudulently engaged in settlement negotiations (id. ¶ 47), and fraudulently claimed her signature was forged on an ownership transfer form (id.). SEBN states that as a result of these fraudulent acts and conspiracies, SEBN suffered "loss of all monies invested as well as all promised investment returns." (Id. ¶ 51.)

Shah seeks dismissal of count two, contending that the facts alleged do not support a cause of action. (Doc. 162 at 13.) Specifically, Shah argues that she had no obligation to disclose the irrevocable beneficiary designation, thereby precluding liability for fraud. (Id.) Additionally, Shah suggests that SEBN neither detrimentally relied nor suffered any damages from the acts and alleged misrepresentations of Shah. (Id. at 13-15.) In response, SEBN avers that "the essence of [count two] is that the

10

Shahs never intended to transfer policy ownership or to cooperate with SEBN to sell the policy." (Id. at 15.)

Again, SEBN has failed to state a claim upon which relief can be granted. While SEBN alleges fraud and fraudulent conspiracy because Shah never transferred the policy or allowed SEBN to sell the policy, that is not a viable claim. SEBN admits that the policy was transferred to it (Doc. 161 ¶¶ 31, 47) and has pled no facts here, or anywhere else in the voluminous docket, to suggest that Shah was actively engaged in preventing SEBN from selling the policy. SEBN cannot plead that it suffered damages because there is nothing to indicate that Shah ever acted—much less acted fraudulently—to prevent SEBN from selling the policy. SEBN's amended cross-claim does not reference any particular facts that Shah thwarted a buyer from purchasing the policy, that she hindered any attempt by SEBN to sell the policy, or that she acted to subvert SEBN. As a result, SEBN is unable to plead that Shah obtained any benefit from her alleged fraudulent conduct. SEBN's failure to do so demonstrates that it has not stated a claim upon which relief can be granted.

Moreover, even though SEBN's amended cross-claim contains significant details as to some alleged facts, these facts are immaterial to the issue of whether SEBN has

11

stated the elements of a viable fraud claim. It has not. For example, while SEBN gives considerable attention to the alleged forgery accusations that Shah reported to Security Life, SEBN has not pled how or why this caused any detrimental reliance or damages to SEBN. SEBN did not allege any misrepresentation or damage to SEBN as a result of the forgery investigation. In fact, during Security Life's investigation, SEBN remained the owner of the policy. Simply, SEBN has neither identified any fraudulent representations with the particularity required by Federal Rule of Civil Procedure 9(b) nor raised a reasonable expectation that discovery will reveal evidence of the necessary factual elements. See Watts, 795 F.3d at 1295-96.

Also, SEBN has neither pled nor can it plead how designation of Shah as an irrevocable beneficiary was fraudulent. The designation was within the authority of the agreement between Security Life and the DDS Trust, to which SEBN is not a party. Shah had no duty to disclose the irrevocable beneficiary designation and, as result, cannot be held liable for fraudulent concealment. See Mark Marks, 654 So. 2d at 1189; Infrasource, 272 Ga. at 707, 613 S.E.2d at 148. Later attempts to designate Mr. Shah as a secondary assignee also do not rise to the level required

12

to prove fraud. Mr. Shah was never designated as a secondary assignee and Shah obtained nothing as a consequence of this supposed fraud. See Brooks, 116 F.3d at 1371. Such pleadings cannot form the basis of a fraud claim.

In conclusion, SEBN has not pled how the particular acts or omissions of Shah misled SEBN. SEBN has also failed to show what, if anything, Shah obtained as a result of its supposed fraudulent endeavors. To recover for civil conspiracy, a party must show that two or more persons, acting in concert, engaged in tortious conduct. See Raimi, 702 So. 2d at 1284; Wright, 2012 WL 1034470, at *7 (2012). Because there is no underlying fraud, SEBN's conspiracy to defraud must also fail. Accordingly, Shah's motion to dismiss is **GRANTED**. Count two of SEBN's amended cross-claim is **DISMISSED**.

C.  Punitive Damages & Attorney's Fees

Lastly, in counts three and four of its amended cross-claim, SEBN seeks to recover for attorney's fees and punitive damages. SEBN avers that because Shah "has acted in bad faith and caused unnecessary trouble and expense," SEBN is entitled to the recovery of attorney's fees under O.C.G.A. § 13-6-11. (Doc. 161 ¶ 53.) Also, SEBN contends it is entitled to punitive damages because "Shah has acted

13

intentionally and with reckless indifference to the consequences through repeated acts of intentional dishonesty." (Id. ¶ 55.) Shah seeks dismissal of both counts, alleging that where a party's underlying tort claims fail, any claims for punitive damages and attorney's fees fail as a matter of law. (Doc. 162 at 18.) SEBN does not address either the attorney's fees or punitive damages in its response.[5]

Because the Court has dismissed counts one and two of the amended cross-claim, there is no basis for attorney's fees and punitive damages as to SEBN's cross-claim. See Home Depot U.S.A. v. Wabash Nat'l Corp., 314 Ga. App. 360, 371-72, 724 S.E.2d 53, 62-63 (2012) (holding that where underlying claims failed, additional claims for punitive damages and attorney's fees must also fail as a matter of law). Accordingly, Shah's motion to dismiss as to counts three and four are **GRANTED** and SEBN's claims are **DISMISSED**.

## CONCLUSION

For the foregoing reasons, Shah's Motion to Dismiss SEBN's Cross-claims (Doc. 162) is **GRANTED**. The Clerk of Court is **DIRECTED** to **DISMISS** the action by SEBN against

---

[5] SEBN has failed to respond to Shah's argument that the attorney's fees and punitive damages claims should be dismissed. Indeed, the Court may consider these claims as abandoned. See S.D. Ga. L.R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition.").

Shah and **TERMINATE** those parties as to the cross-claim only. Shah's amended cross-claim against SEBN and Edward Howie (Doc. 47), however, remains under advisement.

SO ORDERED this 18th day of September 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA