IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
SECURITY LIFE OF              )
DENVER INSURANCE COMPANY,     )
                              )
     Interpleader Plaintiff,  )
                              )
v.                            )   CASE NO. CV411-008
                              )
DHARMISTHA D. SHAH and        )
SOUTHEAST BUSINESS NETWORK,   )
INC.,                         )
                              )
     Defendants               )
_____)
                              )
DHARMISTHA D. SHAH,           )
                              )
     Cross-claimant,          )
                              )
v.                            )
                              )
SOUTHEAST BUSINESS            )
NETWORK, INC. and EDWARD J.   )
HOWIE                         )
                              )
     Cross Defendants,        )
                              )
_____)
```

## O R D E R

Before the Court is Defendant and Cross Defendant Southeast Business Network, Inc.'s ("SEBN") Motion for Reconsideration. (Doc. 175.) After careful consideration, SEBN's motion is **DENIED**. In its motion, SEBN contends that contingencies and risks from the 2007 agreement letter exempt the agreement from Florida usury laws. (Id. at 175.) SEBN also argues that the Court's previous order

granting Shah summary judgment on count three of her crossclaim, did not establish the proper corrupt intent requirement to warrant summary judgment. (Id. at 5.) Defendant and Cross-claimant Shah has responded in opposition, claiming that SEBN simply restates its prior arguments, which were already addressed by the Court. (Doc. 176 at 4.)

Courts within the Eleventh Circuit have held that reconsideration is appropriate in a limited number of circumstances. Specifically,

> [r]econsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.

Bingham v. Nelson, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted); see also Wells v. Gen. Dynamics Info. Tech., Inc., 2012 WL 5207519, at *1 (M.D. Ga. Oct. 22, 2012). Additionally, "[i]n order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."

McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, SEBN has not met this burden. SEBN has not alleged an intervening change in the law and has not presented any new evidence previously unavailable to the parties. The Court is not persuaded that it made a clear error of law. SEBN is simply restating prior arguments and presenting arguments that it had an opportunity to raise earlier, but failed to do so. This is not a proper basis to grant SEBN its requested relief. Accordingly, SEBN's motion is **DENIED**.

SO ORDERED this 29th day of May 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA