IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SECURITY LIFE OF DENVER )
INSURANCE COMPANY, )
 )
    Interpleader Plaintiff, )
 )
v. ) CASE NO. CV411-008
 )
DHARMISTHA D. SHAH and )
SOUTHEAST BUSINESS NETWORK, )
INC., )
 )
    Defendants )
_____ )
 )
DHARMISTHA D. SHAH, )
 )
    Cross-Claimant, )
 )
v. )
 )
SOUTHEAST BUSINESS NETWORK, )
INC. and EDWARD J. HOWIE, )
 )
    Cross-Defendants, )
_____ )

## ORDER

This case stems from a dispute over interpleaded life insurance policy proceeds that have been entered into the registry of the Court. On March 10, 2014, the Court held a pretrial hearing in this case to discuss the specifics of the parties' dispute and their respective positions. (Doc. 207.) According to Cross-Claimant Shah, the remaining issues left to decide in this case are the respective rights of both parties to the interpleaded funds as well as

her pending cross-claims against Cross-Defendant SEBN regarding (1) charging an excessive premium finance charge; (2) breach of contract for alleged failure to pay the premiums of the policy; and (3) deceptive and unfair practices regarding usurious fees in the finance contract and other actions. Cross-Defendant SEBN responds that (1) it was both unaware of the Florida premium finance charge statutes and that it was providing premium financing, thus it could not have knowingly violated the statutes; (2) it did in fact provide monies sufficient to fund the policy; and (3) that usury is not a per se unfair practice, that it has committed no other potential unfair practices, and that there are no damages. Cross-Defendant SEBN also maintains that it is entitled to some portion of the interpleaded funds based on equitable principles. At the end of the pretrial hearing, all parties agreed that the Court's appointment of a Special Master would best serve the resolution of this case. Accordingly, the Court **HEREBY APPOINTS** Mr. Patrick O'Connor of Oliver Maner, LLP in Savannah, Georgia as Special Master pursuant to the provisions of Federal Rule of Civil Procedure 53(a).

In such capacity, Mr. O'Connor shall have all the powers enumerated in Federal Rule of Civil Procedure 53(c),

including the authority to rule on any pending motions,[1] and shall be accorded that level of cooperation, courtesy, and access that would be possessed in such proceedings by a United States Magistrate Judge. In accomplishing his task, Mr. O'Connor may compel, take, and record evidence. Mr. O'Connor shall possess the authority to take discovery, make rulings, subpoena witnesses, and conduct evidentiary matters. The parties shall be responsible for submitting and serving materials in a manner selected at Mr. O'Connor's discretion. Mr. O'Connor may meet with the parties and their counsel informally in conference or conduct formal hearings. Any discussions regarding settlement shall be afforded the same protections provided under Federal Rule of Evidence 408. From time to time, Mr. O'Connor may also communicate ex parte with the Court and may discuss all matters regarding the proceedings, with the

---

[1] Cross-Claimant Shah has filed a Motion In Limine to exclude (1) any reference to the professional complaint filed with Metlife insurance company or other agency by SEBN and its principal, Edward Howie, against non-party Dipak Shah; (2) any reference to insurance policy commissions paid to non-party Dipak Shah; (3) any reference to the insured, Sushila Shah's net worth, her assets, and the value of assets listed on her application for the life insurance policy; and (4) any reference to the life insurance policy for non-party Dollis Bowman. (Doc. 205.) Cross-Defendant SEBN has filed a response in opposition. (Doc. 206.) Mr. O'Connor will resolve these issues. See Fed. R. Civ. P. 53(c) (stating that Special Master has authority to "take all appropriate measures to perform fairly and efficiently the assigned duties").

exception of the parties' negotiations regarding any potential settlement amounts and Mr. O'Connor's personal thoughts on the relative merits of the parties' claims.

Mr. O'Connor shall be paid $320.00 per hour and he shall submit applications to the Court for compensation on a periodic basis in a manner convenient to him. The parties shall be responsible for providing payment within ten (10) days of any order of this Court authorizing such payment. Initially, the parties shall be responsible for compensation based on the following formula: 1/2 shall be paid by Cross-Claimant Shah and 1/2 shall be paid by Cross-Defendant SEBN. Upon final resolution of this case, however, the total compensation paid to Mr. O'Connor shall be apportioned in direct correlation with the percentage of the interpleaded funds recovered by each party. Put another way, each party will be responsible for the same percentage of Mr. O'Connor's compensation as they recover from the interpleaded funds. However, the parties may ultimately allocate the financial responsibility for their portion of Mr. O'Connor's compensation amongst themselves as part of any settlement agreement.

The Court will set a deadline of ninety (90) days from the date of this order for the parties to complete their proceedings before Mr. O'Connor. After consideration

of all the evidence, Mr. O'Connor shall file his report and recommendation to the Court, wherein he shall make findings of fact and conclusions of law respecting all issues. The parties shall file any objections to the report and recommendation within twenty-one (21) days after a copy is served, whereafter the Court may adopt or affirm, modify, wholly or partly reject or reverse the report and recommendation, or ultimately proceed to trial on any and all remaining issues if necessary. Fed. R. Civ. P. 53(f)(1-2). The Court will stay all deadlines in this case pending the outcome of the proceedings before Mr. O'Connor. In addition, the Clerk of Court is **DIRECTED** to mark this case as **ADMINISTRATIVELY CLOSED** for statistical purposes until further order of this Court.

SO ORDERED this 18th day of March 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA